UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

ANGEL VELAZQUEZ DELGADO

CASE NO. 6:24-cr-207-JSS-LHP
18 U.S.C. § 932
18 U.S.C. § 933

## INFORMATION

The United States Attorney charges:

### COUNT ONE
### (Straw Purchasing of Firearms)

Between on or about July 2, 2022, and on or about January 11, 2023, in the Middle District of Florida, the defendant,

ANGEL VELAZQUEZ DELGADO,

aided and abetted by others, did knowingly purchase a firearm, in and affecting interstate and foreign commerce for, on behalf of, and at the request and demand of any other person, knowing or having reasonable cause to believe that such other person intended to use, carry, possess, sell and otherwise dispose of the firearm in furtherance of a felony, to wit, Dealing in Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A) and a drug trafficking crime, to wit, Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. § 846.

In violation of 18 U.S.C. §§ 932(b)(2) and 2.

## COUNT TWO
### (Trafficking in Firearms)

Between on or about July 2, 2022, and on or about September 6, 2023, in the Middle District of Florida and elsewhere, the defendant,

ANGEL VELAZQUEZ DELGADO,

aided and abetted by others, did knowingly ship, transport, transfer, cause to be transported, and otherwise dispose of any firearm to another person, in and affecting interstate and foreign commerce, knowing and having reasonable cause to believe that the use, carrying, or possession of the firearm by the recipient would constitute a felony, to wit, Dealing in Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A).

In violation of 18 U.S.C. §§ 933(a)(1) and 2.

## FORFEITURE

1. The allegations contained in Counts One and Two are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. §§ 934(a)(1)(A)-(B), 924(d), and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 932(b)(2) or 18 U.S.C. § 933(a)(1), the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 934(a)(1)(A), any property constituting, or derived from, any proceeds obtained directly or indirectly, as the result of such violation; pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), any firearms and ammunition involved in or used in the commission of the offense; and pursuant to 18 U.S.C. § 934(a)(1)(B), any property

used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

  3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

ROGER B. HANDBERG
United States Attorney

By: *[signature]*
Rachel S. Lyons
Special Assistant United States Attorney

By: *[signature]*
Michael P. Felicetta
Assistant United States Attorney
Chief, Orlando Division