IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                                    Case No.: 6:24-cr-207-JSS-LHP

ANGEL VELAZQUEZ DELGADO,
    Defendant.
_____/

## DEFENDANT ANGEL VELAZQUEZ DELGADO'S
## SENTENCING MEMORANDUM

Defendant ANGEL VELAZQUEZ DELGADO, by and through the undersigned counsel, hereby submits this Sentencing Memorandum for this Honorable Court's consideration. Mr. Velazquez Delgado respectfully requests that this Court grant a downward departure/variance from his advisory sentencing guidelines based on the factors found in 18 U.S.C. § 3553(a) and mitigation provided within this memorandum. Mr. Velazquez Delgado does not excuse or minimize his conduct or the severity of his crime in making such a request.

### I. PROCEDURAL BACKGROUND

The procedural background of this case is sufficiently outlined in the Presentence Investigation Report (PSR) (Doc. 46).

## II. SENTENCING GUIDELINES CALCULATION

Mr. Velazquez Delgado's PSR calculates his total offense level as a level 32 with a criminal history score of zero, and criminal history category of I. As a result, Mr. Velazquez Delgado is facing an advisory sentencing guidelines range of 121 months to 151 months. There are no unresolved objections. There is a statutory maximum term of imprisonment of 25 years on Count One and a statutory maximum term of imprisonment of 15 years on Count Two.

## III. REQUEST FOR DOWNWARD VARIANCE

For the reasons set forth below, this Court should grant a downward departure/variance sentence based on Mr. Velazquez Delgado's acceptance of responsibility, lack of criminal history, as well as other relevant factors of 18 U.S.C. § 3553(a). Mr. Velazquez Delgado also asks the Court to consider his challenging upbringing, abuse from his father from a young age, and looking to the positive, the dedication and positive impact that being a father himself has made on his life, and his continued support from his family and friends.

In the light of his characteristics and other relevant factors of 18 U.S.C. § 3553(a), Mr. Velazquez Delgado respectfully asks this Court to impose a below-guidelines sentence. The sentence should be sufficient, but not greater than necessary, to comply with the requirements of 18 U.S.C. § 3553(a).

1. **The Post-Booker Sentencing Framework**

In the wake of *United States v. Booker*, 543 U.S. 220 (2005), the Federal Sentencing Guidelines are advisory only. Judges now have the power to impose sentences that are *no greater than necessary* to satisfy the statutory purposes of sentencing, to consider all of the characteristics of the offender and circumstances of the offense, and to reject advisory guidelines that are not based on national sentencing data and empirical research. *See Booker*, 543 U.S. 220; *Rita v. United States*, 127 S.Ct. 2456 (2007); *Gall v. United States*, 552 U.S. 38, 50 (2007); *Kimbrough v. United States*, 128 S.Ct. 558 (2007).

A district court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," but the court "*may not* presume that the Guidelines range is reasonable." *Gall v. United States*, 552 U.S. 38, 50 (2007) (emphasis added). A district court has the discretion to conclude that the resulting advisory range "yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." *Kimbrough*, 128 S.Ct. at 575 (2007). Though this Court is required to consider the factors under 18 U.S.C. § 3553(a) set forth below, it need not accept the "utter travesty of justice that sometimes results from the Guidelines' fetish with abstract arithmetic." *United States v. Adelson*, 441 F. Supp. 2d 506 (S.D.N.Y. 2006).

In other words, after *Booker*, this Court is unencumbered in its ability "to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall*, 552 U.S. at 53 (quoting *Koon v. United States*, 518 U.S. 81 (1996)). In fact, the use of the Guidelines in any manner other than an advisory function violates the defendant's Sixth Amendment rights. *Booker*, 543 U.S. at 244-45 (Part Two, Breyer, J.).

### a) **The Factors under 18 U.S.C § 3553(a) weigh in favor of a downward variance from the Sentencing Guidelines Range.**

Congress had identified four "purposes" of sentencing: punishment, deterrence, incapacitation, and rehabilitation. 18 U.S.C § 3553(a)(2). To achieve these ends, § 3553(a) requires sentencing courts to consider not only the advisory Guidelines range, but also the facts of a specific case through the lens of seven factors including:

1. The nature and circumstances of the offense and the history and characteristics of the defendant;

2. The need for the sentence imposed—

    a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    b. to afford adequate deterrence to criminal conduct;
    c. to protect the public from further crimes of the defendant; and
    d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

3. The kinds of sentences available;

4. The kinds of sentence and the sentencing range established …;

5. Any pertinent [Sentencing Commission] policy statement…;

6. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

7. The need to provide restitution to any victims of the offense. § 3553(a)(1)-(7).

These factors, when applied to Mr. Velazquez Delgado's case, weigh in favor of a downward variance from the advisory guidelines.

***The Nature and Circumstances of the Offense and the History and Characteristics of Mr. Velazquez Delgado***

The severity and extent of Mr. Velazquez Delgado's crime cannot be overstated. This Court must consider the nature of Mr. Velazquez Delgado's crime. However, this Court must also consider a defendant's personal history and redeeming characteristics when fashioning its sentence. Mr. Velazquez Delgado has taken full responsibility and realized the significance of his criminal conduct. As Judge Rakoff noted in *United States v. Adelson*, 441 F. Supp. 2d 506, 513-14 (S.D.N.Y. 2006), the importance of considering a defendant's redeeming characteristics reaches its zenith at the moment the court determines the sentence to be imposed.

Examining Mr. Velazquez Delgado's history and characteristics reveals a compassionate individual, one who has a zest for life, a love for his family, and an

unwavering dedication to being a great father. Mr. Velazquez Delgado scores a zero on his criminal history section and that, even though only one part, shows that Mr. Velazquez Delgado is not a career criminal and these actions in the instant offense do not define him as a person.

### *The Need for the Sentence Imposed*

The Court must impose a sentence that reflects the seriousness of the offense, promotes respect for law and affords adequate deterrence to protect the public from similar conduct on the part of others. 18 U.S.C. § 3553(a).

Although § 3553(a) requires the Court to consider the need for deterrence, studies have shown that there is little to no evidence that supports the notion that a harsher sentence would have any deterrent effect. *See* David Weisburd et al., *Specific Deterrence in a Sample of Offenders Convicted of White Collar Crimes*, 33 CRIMINOLOGY 587 (1995); Zvi D. Gabbay, *Exploring the Limits of the Restorative Justice Paradigm: Restorative Justice and White Collar Crime*, 8 CARDOZO J. CONFLICT RESOL. 421, 448-49 (2007) ("[T]here is no decisive evidence to support the conclusion that harsh sentences actually have a general and specific deterrent effect on potential white-collar offenders."). Indeed, these studies demonstrate that the deterrent effect of these ever-longer sentences for white collar crime has been minimal. *Id*. While this is not a white-collar crime, the same logic and reasoning still applies.

The theory of general deterrence is based on the flawed premise that lengthy prison sentences deter crime. Over the years, this flawed premise has resulted in the mass incarceration of individuals in the United States. Dr. Oliver Roeder et al., *What Caused the Crime Decline?*, Brennan Center for Just., 22-23 (Feb. 12, 2015), *available at* https://www.brennancenter. org/publication/what-caused-crime-decline. Despite this mass incarceration, studies have shown no correlation between punishment and reductions in crime. *See id.* Finally, in imposing "just punishment" for an offense, the Court should not disregard the additional penalties and hardships that will accompany a felony conviction. *See* Hugh LaFollette, *Collateral Consequences of Punishment: Civil Penalties Accompanying a Formal Punishment*, 22 J. of Applied Phil., 241, 244-46 (2005) (discussing and critiquing on proportionality grounds retributivist justification of collateral consequences).

Mr. Velazquez Delgado poses a low risk of recidivism based on his lack of prior criminal history, genuine remorse, extreme family support, and acknowledgement of the seriousness of the offenses. As such, a sentence of 121 months to 151 months of incarceration is unnecessary and would not have any greater specific deterrence effect.

### b) This Court should grant a downward variance sentence based on Ms. Rendon's extraordinary acceptance of responsibility and post-arrest rehabilitative efforts.

When fashioning a sentence, a district court may consider relevant post-

offense conduct. *See Gall*, 552 U.S. at 600. Thus, a sentencing court can grant a downward variance in cases of "extraordinary" acceptance of responsibility, even where a defendant has already received credit for acceptance of responsibility pursuant to USSG § 3E1.1. *See E.g.*, *United States v. Gardellini*, 545 F.3d 1089, 1095 (D.C. Cir. 2008) (district court properly imposed a below-guidelines sentence of probation in part because defendant "cooperated with authorities and accepted responsibility for his crimes to an extraordinary degree"); *United States v. Brown*, 985 F.2d 478, 482-83 (9th Cir. 1993) (sentencing court can depart downward from the guidelines range if it determines that the two-point reduction did not adequately reflect acceptance of responsibility); *United States v. Milne*, 384 F. Supp. 2d 1309, 1312 (E.D. Wis. 2005).

For instance, in *United States v. Milne*, a bank fraud case, the district court recognized that Sentencing Commission promulgated USSG § 5K2.0(d)(2) to prohibit downward departures for acceptance of responsibility beyond those available under USSG § 3E1.1. *Id.* Nevertheless, the court concluded that an additional downward variance was warranted on the facts of the case and reasoned as follows:

> Where appropriate, courts may grant additional consideration to defendants who demonstrate acceptance beyond that necessary to obtain a two or three level reduction under § 3E1.1. This is so because such conduct bears directly on their character, § 3553(a)(1), and on how severe a sentence is necessary to provide deterrence and punishment, § 3553(a)(2). Further, courts should encourage offenders to mitigate

8

> their misconduct voluntarily, whether by admitting it, paying restitution or making efforts to address substance abuse, mental health or other problems that contributed to it.

*Id.* at 1312.

Other courts have reached similar conclusions. *United States v. Smith*, 311 F. Supp. 2d 801 (E.D. Wis. 2004) (two-level downward departure granted even though defendant also received offense level reduction for acceptance of responsibility, where defendant demonstrated self-improvement, fundamental change in attitude, and complete withdrawal from criminal drug distribution lifestyle in three years before he was arrested and before he knew he was under investigation); *see also United States v. Kim*, 364 F.3d 1235 (11th Cir. 2004) (payment of $280,000 restitution by defendants, a husband and wife, after they pled guilty was extraordinary enough to justify downward departure from 24 months to probation and home detention because defendants' conduct demonstrated their sincere remorse and acceptance of responsibility).

In the instant case, Mr. Velazquez Delgado, has expressed sincere remorse for his criminal conduct and the long-reaching effects that it had on society during a time of unprecedented hardship. Mr. Velazquez Delgado has undertaken substantial efforts to thoroughly understand the impact of his crimes, not only on the local community but the effects they could have on a much more widespread scale.

## CONCLUSION

Based on the forgoing reasons, Mr. Velazquez Delgado respectfully requests that this Court grant a downward variance which would be sufficient, but not greater than necessary, to comply with the requirements of 18 U.S.C. § 3553(a).

Respectfully submitted,

/s/ *Robert I. Mandell*
Robert I. Mandell Esq.
Florida Bar Number 15484
Briana Nicole Fosah, Esq.
Florida Bar Number 1054184
Mandell Law, P.A.
189 S. Orange Ave., Ste. 810
Orlando, FL 32801
Phone: (407) 956-1180
rmandell@fightforyou.org
briana@fightforyou.org
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2024, I electronically filed to forgoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all parties in this case.

/s/ *Robert I. Mandell*
Robert I. Mandell Esq.
Florida Bar Number 15484